UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COHEN, M.D., F.A.C.S., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No. 16-8840 (JMV)<br><br>REPORT & RECOMMENDATION |

**CLARK, Magistrate Judge**

This matter having been opened to the Court by the motion of Plaintiffs Jason D. Cohen, M.D., FACS, and Professional Orthopaedic Associates, P.A. (collectively referred to as "Plaintiffs") to remand this matter to state court [Docket Entry No. 6]; and Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant") having opposed Plaintiffs' motion [Docket Entry No. 11]; and the Court having considered the arguments submitted in support of, and in opposition to, Plaintiffs' motion; and for the reasons that follow, it is respectfully recommended that Plaintiffs' motion to remand this matter be DENIED.

**I.     BACKGROUND**

Plaintiffs filed the instant action in state court on April 20, 2015 against Defendant seeking increased reimbursement for alleged emergent services rendered to M.D., one of Plaintiffs' patients. [*See* Docket Entry No. 1, Ex. A.] Specifically, Plaintiffs allege that they filed a claim with Defendant in the amount of $234,453.00 for an emergency surgery and procedures provided to M.D. on November 22, 2015. The services provided by Plaintiffs were considered emergency "out of network" services as Plaintiffs did not have a contract with

1

Horizon to accept agreed upon rates for services provided. Thereafter, Defendant made a single payment of $7,810.62 to Plaintiffs. After denials on two appeals, Plaintiffs bring the instant action seeking the remaining $226,642.38 from Defendant, pleading unjust enrichment and violations of N.J.A.C. 11:24-5.3 ("Emergency and urgent care services") and the New Jersey Healthcare Information and Technology Act ("HINT").

Defendant was served with the Complaint on November 1, 2016 and filed its Notice of Removal on November 29, 2016. Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(a) & (c), positing that Plaintiffs seek to recover benefits from Defendant under the terms of an employee benefits plan governed by ERISA. As such, Plaintiffs have essentially brought a claim for benefits in state court under Section 502(a) of ERISA, 29 U.S.C. § 1132(a), over which this Court has exclusive jurisdiction. In sum, Defendant argues that Plaintiffs' state law claims are preempted by ERISA providing this Court with exclusive jurisdiction.

On December 23, 2016, Plaintiffs filed the instant motion to remand, arguing that this Court lacks subject matter jurisdiction because this action has not been brought under ERISA nor are New Jersey's regulations relating to emergency room treatment preempted by ERISA.

## II.     LEGAL STANDARD

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. In application, removal

statutes must be "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987)).

28 U.S.C. § 1447(c) provides that a removed case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule. According to the rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. *See Concepcion v. CFG Health Sys. LLC,* No. 13-02081, 2013 U.S. Dist. LEXIS 159134, at *2 (D.N.J. Nov. 6, 2013). However, an exception to the well-pleaded complaint rule is found through complete preemption. Complete preemption applies when "Congress has so completely preempted a particular area" any complaint raising a claim in that area is "necessarily federal in character" and may be removed to federal court. *LaMonica v. Guardian Life Ins. Co. of Am.*, No. 96-6020, 1997 U.S. Dist. LEXIS 1988, at *3 (D.N.J. Feb. 20, 1997). Put differently, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). In short, complete preemption establishes federal jurisdiction even when there are no federal claims on the face of the complaint. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001).

ERISA's civil enforcement mechanism, Section 502(a), is "one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"

3

*Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).  The state of the ERISA preemption doctrine is as follows:

> First, ERISA pre-empts a state law if it has a 'reference to' ERISA plans. To be more precise, where a State's law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . ., that 'reference' will result in pre-emption. Second, ERISA pre-empts a state law that has an impermissible 'connection with' ERISA plans, meaning a state law that governs . . . a central matter of plan administration or interferes with nationally uniform plan administration.  A state law also might have an impermissible connection with ERISA plans if 'acute, albeit indirect, economic effects' of the state law 'force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers.

*See Gobeille v. Liberty Mut. Ins. Co.*, 2016 U.S. LEXIS 1612, at *31 (U.S. Mar. 1, 2016).

### III.   DISCUSSION

Plaintiffs argue that remand is proper because their state law claims under N.J.A.C. 11:24-5.3 and HINT create legal obligations that are independent of the terms of an ERISA plan and thus do not fall within the scope of ERISA's preemption clause.  Specifically, Plaintiffs argue that the "New Jersey regulatory scheme requires no reference to Patient AM's [*sic*] health plan or an interpretation of that plan."  As such, their N.J.A.C. claim is not preempted.  Plaintiffs further contend that they have a non-preempted state law claim under HINT—independent of M.D.'s ERISA-governed plan—arising from Defendant's failure to make payment on Plaintiffs' emergency services claim within 30 days of submission.

These almost similar arguments were found unavailing by this Court in *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-cv-4528 (KSH)(CLW), 2017 U.S. Dist. LEXIS 49291, at *6 (D.N.J. Mar. 31, 2017).  In that action, the same Plaintiffs brought identical claims against the same Defendant for emergency "out-of-network" benefits rendered to a different patient.  On a

4

similar motion to remand, that court found that both claims were preempted by ERISA.

This Court finds similarly here. Plaintiffs' N.J.A.C. 11:24-5.3 claim is preempted because it "would affect the 'types of benefits provided by an ERISA plan' and effectively 'force an ERISA plan to adopt a certain scheme of substantive coverage[.]'" *See id.* Additionally, Plaintiffs HINT claims are preempted by ERISA because they govern claims-processing procedures. This Court previously found that a state law that provides procedures for the payment of claims are impermissible under ERISA because it "governs . . . a central matter of plan administration[.]" *See Gobeille*, 2016 U.S. LEXIS 1612, at *31. Moreover, Plaintiffs HINT claim is tied to their N.J.A.C. 11:24-5.3 claim because HINT applies to "clean claims"—claims that are for a service or supply that is covered by the *health benefits plan*. N.J.A.C. 11:22-1.2 (emphasis added). As such, Plaintiffs' claims under HINT depend on their N.J.A.C. 11:24-5.3 claim for coverage under M.D.'s ERISA-governed plan. Because Plaintiffs' N.J.A.C. claim is preempted, negating the inclusion of additional benefits under the plan, no past due amount exists under HINT. *See Cohen*, *v. Horizon Blue Cross Blue Shield of N.J.*, No. 15-cv-4528 (KSH)(CLW), 2017 U.S. Dist. LEXIS at *6.

As Plaintiffs' claims are completely preempted by ERISA, this Court has original federal jurisdiction over this action and Plaintiffs' Motion to Remand is DENIED.

### IV. CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED.R.CIV.P.78;

IT IS on this 29th day of June, 2017,

RECOMMENDED that Plaintiffs' Motion to Remand be DENIED.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

      s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**