NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| COHEN, M.D., F.A.C.S., ET AL., *Plaintiffs*, v. HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, *Defendant*. | Civil Action No. 16-8840 **ORDER ADOPTING REPORT AND RECOMMENDATION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiffs Jason D. Cohen, M.D., F.A.C.S., and Professional Orthopedic Associates, P.A.'s ("Plaintiffs") motion to remand this case to New Jersey state court on the ground that Plaintiffs' claims are not preempted by the Employee Retirement Income Security Act ("ERISA"). D.E. 6. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant") opposes this motion. D.E. 11. In response to this motion, on June 29, 2017, Magistrate James B. Clark filed a Report and Recommendation ("R&R"). D.E. 14. In his R&R, Judge Clark recommended that this Court deny Plaintiffs' motion to remand, finding that Plaintiffs' claims were completely preempted by ERISA and therefore this Court had subject matter jurisdiction over this action.[1] *Id.* The parties were given notice that, pursuant to Federal

---

[1] In addition to the reasons cited by Judge Clark, this Court also analyzed identical arguments in *Cohen v. Horizon Blue Cross Blue Shield of New Jersey*, No. 15-4525, 2017 WL 685101, at *1 (D.N.J. Feb. 21, 2017). There, the plaintiffs made the same arguments as advanced in this action,

Rule of Civil Procedure 72(b)(2) and Local Civil Rule 71.1(c)(2), they had fourteen days to file an objection to Judge Clark's recommendation. To date, it appears that neither party has objected. The Court has conducted a review of the record and of Judge Clark's R&R for clear error,[2] and for good cause shown,

IT IS on this 22nd day of August, 2017,

**ORDERED** that the R&R filed June 29, 2017 (D.E. 14) is **ADOPTED**[3] and made part of this Order; and it is further

**ORDERED** that Plaintiffs' motion to remand (D.E. 6) is **DENIED**, and this case shall remain in this Court.

John Michael Vazquez, U.S.D.J.

---

and this Court rejected them, finding the same regulations completely preempted by ERISA. *Id.* at *9.

[2] *De novo* review is required when an objection is made. 21 U.S.C. § 636(b)(1). *See also* Fed.R.Civ.P. 72(b)(3). However, when no objection is made, the Court reviews a magistrate judge's R&R for clear error. *McKean v. Colvin*, 150 F. Supp. 3d 406, 409-10 (M.D. Pa. 2015).

[3] The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2