IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON D. COHEN, MD, FACS AND PROFESSIONAL ORTHOPAEDIC ASSOCIATES, PA AS ASSIGNEE AND DESIGNATED AUTHORIZED REPRESENTATIVE OF PATIENT MD, AND PATIENT MD,<br><br>      Plaintiffs,<br><br>  v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>      Defendants. | Civil Action No.: 2:16-cv-08840 |

**DEFENDANT HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), by and through their undersigned counsel, files the following Answer and Affirmative Defenses to the Complaint filed by Plaintiffs:

**PARTIES**

1. Horizon is without sufficient information to confirm or deny the allegations contained in paragraph 1 of the Complaint and leaves Plaintiffs to their proofs.

2. Horizon is without sufficient information to confirm or deny the allegations contained in paragraph 2 of the Complaint and leaves Plaintiffs to their proofs.

3. Horizon is without sufficient information to confirm or deny the allegations contained in paragraph 3 of the Complaint and leaves Plaintiffs to their proofs.

4123844-1

4. Horizon is without sufficient information to confirm or deny the allegations contained in paragraph 4 of the Complaint and leaves Plaintiffs to their proofs.

5. With regard to paragraph 5 of the Complaint, the phrase "Plan Administrator" is a legal conclusion to which no response is required. Horizon admits that Patient M.D. received health benefits pursuant to the terms, conditions, and limitations of a health benefit plan, governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Horizon further admits that it is a health services corporation with its corporate offices located at 3 Penn Plaza East, Newark, New Jersey 07105.

## JURISDICTION

6. Horizon admits the allegations contained in paragraph 6 of the Complaint.

7. Horizon admits the allegations contained in paragraph 7 of the Complaint.

## NATURE OF THE ACTION

8. The allegations contained within paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 8 of the Complaint.

9. The allegations contained within paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon admits only that Patient M.D. received health benefits pursuant to the terms, conditions, and limitations of a health benefit plan, governed by ERISA, 29 U.S.C. § 1001 *et seq.*

10. The allegations contained within paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 10 of the Complaint.

11. The allegations contained within paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 11 of the Complaint.

12. The allegations contained within paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 12 of the Complaint.

13. The allegations contained within paragraph 13 of the Complaint are not directed towards Horizon and, therefore, no response is required. Furthermore, the allegations contained in paragraph 13 of the Complaint are legal conclusions to which to no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 13 of the Complaint.

14. Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 14 of the Complaint and leaves Plaintiffs to their proofs.

15. Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 15 of the Complaint and leaves Plaintiffs to their proofs.

16. Paragraph 16 of the Complaint references a written document, the content of which speaks for itself.

17. Paragraph 17 of the Complaint references a written document, the content of which speaks for itself.

**FACTS APPLICABLE TO ALL COUNTS**

18. With respect to the allegations contained within paragraph 18 of the Complaint, Horizon admits only that claims were submitted to Horizon for services allegedly rendered to

Patient M.D.  Except as so admitted, Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 18 of the Complaint and leaves Plaintiffs to their proofs.

19. Horizon admits that Plaintiffs POA and Dr. Cohen are out-of-network providers that do not have a contract with Horizon.

20. With respect to the allegations contained within paragraph 20 of the Complaint, Horizon admits only that the services purportedly rendered to Patient M.D. were "out of network" services under the terms, conditions, and limitations of the applicable health benefit plan.  Except as so admitted, Horizon denies each and every other allegation remaining in paragraph 20 of the Complaint.

21. Horizon is without sufficient information to confirm or deny the allegations contained within paragraph 21 of the Complaint and leaves Plaintiffs to their proofs.

22. Horizon is without sufficient information to confirm or deny the allegations contained within paragraph 22 of the Complaint and leaves Plaintiffs to their proofs.

23. With respect to the allegations contained within paragraph 23 of the Complaint, Horizon admits only that claims were submitted to Horizon for services allegedly rendered to Patient M.D.  Except as so admitted, Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 23 of the Complaint.

24. With respect to the allegations contained within paragraph 24 of the Complaint, Horizon admits only that claims were submitted to Horizon for services allegedly rendered to Patient M.D.  Except as so admitted, Horizon is without sufficient knowledge to confirm or deny the allegations contained within paragraph 24 of the Complaint.

25. With respect to the allegations contained within paragraph 25 of the Complaint, Horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and

limitations of Patient M.D.'s health benefits plan. Except as so admitted, Horizon is without sufficient information to confirm or deny the allegations contained within paragraph 25 of the Complaint and leaves Plaintiffs to their proofs.

26. The allegations contained in paragraph 26 of the Complaint reference written documents, the contents of which speak for themselves.

27. The allegations contained in paragraph 27 of the Complaint reference written documents, the contents of which speak for themselves.

28. The allegations contained in paragraph 28 of the Complaint reference written documents, the contents of which speak for themselves.

29. The allegations contained in paragraph 29 of the Complaint reference written documents, the contents of which speak for themselves.

30. The allegations contained in paragraph 30 of the Complaint reference written documents, the contents of which speak for themselves.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 31 of the Complaint.

32. Horizon denies each and every allegation contained in paragraph 32 of the Complaint.

33. Horizon denies each and every allegation contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusion to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 36 of the Complaint.

**FIRST COUNT**
**(Violation of N.J.A.C. 11:24-5.3)**

37. Horizon repeats and incorporates by reference its answers to the preceding allegations of the Complaint.

38. Horizon admits only that Patient M.D. is a beneficiary under a plan governed by ERISA.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 39 of the Complaint.

40. With respect to the allegations contained in paragraph 40 of the Complaint, Horizon admits only that claims were submitted to Horizon for services allegedly rendered to Patient M.D. Except as so admitted, Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 40 of the Complaint and leaves Plaintiff to their proofs.

41. With respect to the allegations contained in paragraph 41 of the Complaint, horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and limitations in Patient M.D.'s health benefit plan. Except as so admitted, Horizon denies each and every other allegation contained within paragraph 41 of the Complaint.

42. Horizon denies each and every allegation contained within paragraph 42 of the Complaint.

43. Horizon denies each and every allegation contained within paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 45 of the Complaint.

46. The allegations contained in paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 46 of the Complaint.

47. The allegations contained in paragraph 47 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 47 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice and for an award of attorneys' fees and costs.

## SECOND COUNT
### (Unjust Enrichment)

48. Horizon repeats and incorporates by reference its answers to the preceding allegations of the Complaint.

49. Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 48 of the Complaint and leaves Plaintiffs to their proofs.

50. The allegations contained in paragraph 50 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained within paragraph 51 of the Complaint.

52. Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 52 of the Complaint and leaves Plaintiffs to their proofs.

53. Horizon is without sufficient knowledge to confirm or deny the allegations contained in paragraph 53 of the Complaint and leaves Plaintiffs to their proofs.

54. Horizon denies each and every allegation contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 55 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice and for an award of attorneys' fees and costs.

## THIRD COUNT
**(Violation of the New Jersey Healthcare Information and Technologies Act ("HINT"))**

56. Horizon repeats and incorporates by reference its answers to the preceding allegations of the Complaint.

57. The allegations contained in paragraph 57 of the Complaint are legal conclusion to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 57 of the Complaint.

58. The allegations contained in paragraph 58 of the Complaint are legal conclusion to which no response is required. To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 58 of the Complaint.

59. Horizon admits the allegations contained in paragraph 59 of the Complaint.

60. With respect to the allegations contained in paragraph 60 of the Complaint, Horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and limitations of Patient M.D.'s health benefit plan. Except as so admitted, Horizon denies each and every other allegation contained within paragraph 60 of the Complaint.

61. With respect to the allegations contained in paragraph 61 of the Complaint, Horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and limitations of Patient M.D.'s health benefit plan. Except as so admitted, Horizon denies each and every other allegation contained within paragraph 61 of the Complaint.

62. With respect to the allegations contained in paragraph 62 of the Complaint, Horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and limitations of Patient M.D.'s health benefit plan. Except as so admitted, Horizon denies each and every other allegation contained within paragraph 62 of the Complaint.

63. With respect to the allegations contained in paragraph 63 of the Complaint, Horizon admits only that it processed the claims at issue pursuant to the terms, conditions, and limitations of Patient M.D.'s health benefit plan. Except as so admitted, Horizon denies each and every other allegation contained within paragraph 63 of the Complaint.

64. Horizon denies each and every allegation contained in paragraph 64 of the Complaint.

65. Horizon denies each and every allegation contained in paragraph 65 of the Complaint.

66. Horizon denies each and every allegation contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 are legal conclusions to which no response is required.  To the extent an answer is deemed necessary, Horizon denies each and every allegation contained in paragraph 68 of the Complaint.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiffs dismissing the Complaint with prejudice and for an award of attorneys' fees and costs.

        **CONNELL FOLEY LLP**
        Liberty View Building
        457 Haddonfield Rd., Ste. 230
        Cherry Hill, NJ 08002
        (856) 317-7100

        *Attorneys for Defendant*
        *Horizon Blue Cross Blue Shield of New Jersey*

By: */s/ Robert J. Norcia*

DATE:  August 28, 2017         Robert J. Norcia, Esquire

**AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the express terms of the applicable health benefit plan.

3. Plaintiffs' claim seeks benefits that are not eligible for coverage according to the terms of the relevant health benefit plans.

4. Horizon acted reasonably and in good faith with Plaintiffs at all times.

5. The Amended Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Plaintiffs are limited to remedies thereunder as against Horizon which are limited to payment of benefits that were allegedly denied.

6. Plaintiffs' claims are expressly and completely preempted in whole or in part by Sections 502(a) and 514(a) of ERISA, 29 U.S.C. §§1132(a) and 1144(a).

7. Plaintiffs' claims are barred by reasons of the Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

8. The Amended Complaint may be barred by the applicable Statute of Limitations.

9. Plaintiffs have failed to exhaust all appeal rights under the applicable health benefit plan. Thus, the Amended Complaint is premature and must be dismissed.

10. Plaintiffs' claims are barred because Horizon fulfilled all its obligations under the health benefits plan and/or policies of insurance.

11. Plaintiffs lack standing to assert the claims at issue.

12. The charges at issue have no reasonable basis in law or fact and are prohibited by the rules and regulations governing the practice of medicine in NJ.

13. Plaintiffs' requested relief can only be granted on a showing that Horizon acted in an arbitrary and capricious matter, which it did not.

14. Horizon reserves the right to amend its answer to assert additional defenses and/or supplement, alter or change its answers upon completion of the appropriate investigation and discovery.

**WHEREFORE**, Horizon demands judgment in its favor and against Plaintiffs dismissing the Amended Complaint with prejudice and for an award of attorneys' fees and costs.

                                                   **CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New Jersey*

By:  /s/ *Robert J. Norcia*

DATE: August 28, 2017                Robert J. Norcia, Esquire

## **CERTIFICATE OF SERVICE**

I, Robert J. Norcia, of full age, hereby certify that the within Answer and Affirmative Defenses has been filed with the Clerk, United States District Court for the District of New Jersey via the Court's Electronic Filing System ("ECF") and that a copy of same has been served via ECF upon all parties and/or counsel of record. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

By: *s/Robert J. Norcia*

DATE: August 28, 2017         Robert J. Norcia, Esquire

4123844-1